IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:23-24 |
| | ) | 18 U.S.C. § 249 |
| | ) | 18 U.S.C. § 924(j)(1) |
| vs. | ) | 18 U.S.C. § 1512(b)(3) |
| | ) | 18 U.S.C. § 1001(a)(2) |
| | ) | |
| | ) | |
| **DAQUA LAMEEK RITTER,** | ) | |
| a/k/a "Quavo" | ) | |
| **XAVIER PINCKNEY** | ) | **SEALED INDICTMENT** |

## COUNT 1

THE GRAND JURY CHARGES:

On or about August 4, 2019, in the District of South Carolina, the Defendant, **DAQUA LAMEEK RITTER**, a/k/a "Quavo," willfully caused bodily injury to Dime Doe by shooting Doe in the head because of Doe's actual and perceived gender identity. Defendant, **DAQUA LAMEEK RITTER**, a/k/a "Quavo," employed a firearm that traveled in interstate and foreign commerce; and used a channel, facility, and instrumentality of interstate and foreign commerce, to wit: a cellular telephone, the internet, a car, and highways, in connection with the offense conduct described herein. The offense conduct resulted in the death of Doe;

In violation of Title 18, United States Code, Section 249(a)(2).

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

On or about August 4, 2019, in the District of South Carolina, the Defendant, **DAQUA LAMEEK RITTER, a/k/a "Quavo,"** knowingly used and discharged a firearm, a .25 auto caliber handgun, during and in relation to a crime of violence which may be prosecuted in a court of the United States, to wit: a violation of 18 U.S.C. § 249 as charged in Count 1, and caused the death of Dime Doe through the use of the firearm in such a manner as to constitute murder as defined in 18 U.S.C. § 1111, in that the Defendant, **DAQUA LAMEEK RITTER, a/k/a "Quavo,"** with malice aforethought, did unlawfully kill Doe;

In violation of Title 18, United States Code, Section 924(j)(1).

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

On or about August 4, 2019, in the District of South Carolina and elsewhere, the Defendant, **DAQUA LAMEEK RITTER, a/k/a "Quavo,"** knowingly engaged in misleading conduct towards another person with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a Federal offense; that is, the Defendant, **DAQUA LAMEEK RITTER, a/k/a "Quavo,"** knowingly and intentionally misled South Carolina Law Enforcement Division (SLED) Special Agents and state investigators investigating the shooting death of Dime Doe on August 4, 2019, by providing: a false and misleading account of the Defendant's contact with Dime Doe and Doe's car on August 4, 2019; a false and misleading account of the Defendant's contact with C.M.F., D.P., and others at C.M.F.'s home on the afternoon of August 4, 2019; and a false and misleading account of the Defendant's whereabouts after he left C.M.F.'s home on the afternoon of August 4, 2019. Specifically, the Defendant falsely denied being in Doe's car during a traffic stop by law enforcement on August 4, 2019, in Allendale County, South Carolina, approximately three hours before, and approximately 3.5 miles from where Doe's body was discovered in Doe's parked car with fatal gunshot wounds, when he in fact was present in Doe's car during the traffic stop; the Defendant falsely claimed that he was at C.M.F.'s home for an hour or two on the afternoon of August 4, 2019, when he in fact was not; the Defendant falsely claimed that he was at C.M.F.'s home with C.M.F., D.P., and others, when he in fact was not; and the Defendant falsely claimed to have met K.P. at a location in Allendale, several miles away from where Doe's body was discovered, when he in fact met K.P. at K.P.'s house, less than a mile from the location of Doe's body;

In violation of Title 18, United States Code, Section 1512(b)(3).

### COUNT 4

THE GRAND JURY FURTHER CHARGES:

On or about August 15, 2019, in the District of South Carolina, the Defendant, **XAVIER PINCKNEY**, knowingly engaged in misleading conduct towards another person with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission or possible commission of a Federal offense; that is, the Defendant, **XAVIER PINCKNEY**, knowingly and intentionally misled South Carolina Law Enforcement Division (SLED) Special Agents and state investigators investigating the shooting death of Dime Doe on August 4, 2019 by providing: a false and misleading account of his phone's capabilities and the use of his phone by Defendant RITTER on August 4, 2019; and a false and misleading account of his contact with Defendant RITTER on August 4, 2019. Specifically, the Defendant, **XAVIER PINCKNEY**, (1) falsely stated that he did not have a phone number, when he in fact did have a phone number which was used to call and text Doe's phone on the day of Doe's death; and (2) falsely claimed that he saw Defendant RITTER the morning of August 4, 2019, but did not see him later that day, when he in fact saw Defendant RITTER later in the day on August 4, 2019, the day of Doe's death;

In violation of Title 18, United States Code, Section 1512(b)(3).

4

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

On or about January 19, 2021, in the District of South Carolina, the Defendant, **XAVIER PINCKNEY**, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), an agency of the executive branch of the Government of the United States. Specifically, in a voluntary interview with FBI Special Agents, the Defendant, **XAVIER PINCKNEY**, falsely claimed that he did not see Defendant RITTER on August 4, 2019 after the morning of August 4, 2019, and that Defendant RITTER did not return to W.M.Y.'s house the afternoon of August 4, 2019. In fact, as the Defendant, **XAVIER PINCKNEY**, well knew, he did see Defendant RITTER at W.M.Y.'s house during the afternoon of August 4, 2019;

In violation of Title 18, United States Code, Section 1001(a)(2).

A _True_ BILL

███████████

FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

BY: _/s/ Benjamin Garner_
Brook B. Andrews (Fed. ID 10231)
Benjamin N. Garner (Fed. ID 11477)
Elle E. Klein (Fed. ID 12941)
Assistant United States Attorneys
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone: (803) 929-3000
Email: Benjamin.Garner@usdoj.gov

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL

BY: s/Andrew Manns
Andrew Manns
Trial Attorney
U.S. Dept. of Justice
Civil Rights Division, Criminal Section
950 Pennsylvania Ave., NW, 4CON
Washington, DC 20530
Telephone: (202) 598-1581
Email: Andrew.Manns@usdoj.gov

6